PEOPLE *v* DARDEN

CRIMINAL LAW—PLEA OF GUILTY—CONSEQUENCES OF PLEA—OTHER
CONVICTIONS.

A trial judge, in accepting a defendant's plea of guilty, is not
required to apprise the defendant of the possible effect that
his plea of guilty might have upon his subsequent sentencing
in a previously-tried case in which defendant was found
guilty on another charge before another judge, because a trial
judge is not required to engage in speculation as to the
hypothetical effects of the plea of guilty on the defendant's
later sentencing proceeding in another matter (GCR 1963,
785.3).

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 December
9, 1971, at Detroit. (Docket No. 11510.) Decided
January 26, 1972.

Edward Lee Darden was convicted, on his plea of
guilty, of attempted breaking and entering. De-
fendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*Lawrence W. Rattner,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 490.

Before: Lesinski, C. J., and Levin and O'Hara,* JJ.

Per Curiam. Defendant Edward Lee Darden was convicted upon his plea of guilty of attempted breaking and entering, MCLA 750.110; MSA 28.305.

On appeal defendant urges that the trial court committed error in accepting his guilty plea when it failed to apprise him of the possible effect that his plea of guilty might have upon a subsequent sentencing in a previously-tried case in which he was found guilty on another charge before another judge. Defendant hypothesizes that he might have received a lesser sentence on the other charge if he had refrained from pleading guilty in this cause until sentencing had taken place on his prior conviction.

The trial court advised the defendant of the consequence of his plea and complied with GCR 1963, 785.3 when it informed the defendant that he faced a possible prison sentence of up to five years if he pled guilty to attempted breaking and entering. The court had no duty to apprise defendant of the complained-of collateral consequences of his plea. A trial judge is not required to engage in speculation as to the hypothetical effects of a plea of guilty on a later sentencing proceeding in another matter.

Affirmed.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.